UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

In re BETTY T. BRANDON,    )    Case No. 08-62696-LYN
                                                  )
          Debtor.    )
                                                  )

## MEMORANDUM and ORDER

This matter comes before the court on a motion by the debtor to reopen the above-styled case for the purpose of amending her schedules to list unnamed and previously omitted creditors.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (I). This Court may enter a final order.

On November 10, 2008, the debtor filed a voluntary chapter 7 petition. The clerk did not set a bar date for the filing of proofs of claims. The trustee filed a report of no assets and the case was closed in the normal course on February 17, 2009. After the case was closed, the debtors discovered additional creditors.

The debtor has now filed a motion to reopen the case for the purpose of scheduling the unscheduled creditors.

No bar date was set for the filing of proofs of claim and the trustee found no assets. This case was, and is, a "no-asset, no-bar-date" case. Consequently, creditors holding claims otherwise dischargeable had their claims discharged even if their claims were not scheduled and even if the omitted creditors had no notice of the case. 11 U.S.C. § 727(b); Also see Beezley v.

1

California Land Title Co. (In re Beezley), 994 F.2d 1433 (9th Cir. 1993)(And concurring opinion therein).  It is not necessary to reopen this case to permit the debtor to add unscheduled creditors to the debtor's schedules because the debt owed to them creditor was discharged by virtue of the discharge order entered in this case.  Furthermore, those creditors are enjoined from commencing or continuing any action, or engaging in any other act, to collect, recover, or offset those debts as a personal liability of the debtor.  See 11 U.S.C. § 524(a)(2).

## ORDER

The pre-petition debts that the debtor wishes to schedule are discharged and scheduling them will provide the debtor with no further benefit.  The debtor's motion to reopen the case is denied.

So ORDERED.

Upon entry of this Memorandum and Order, the Clerk shall forward a copy to Michael P. Regan, Esq., counsel for the debtors.

Entered on this 17th day of August, 2009.

_____
William E. Anderson
United States Bankruptcy Judge